Ramanujan Nadadur (Cal Bar No. 315718)
(Email: Anuj_Nadadur@nskumarlaw.com)
11620 Wilshire Blvd, Suite 250
Los Angeles, California 90025
Telephone: (310) 479-1383
Facsimile: (310) 479-1393

Attorney for Petitioner
Johantony Deroy Deroy

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| JOHANTONY JESUS DEROY DEROY<br><br>A# 244-275-551<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, Acting Attorney General of the United States<br><br>Respondents. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS; DECLARATION OF COUNSEL; EXHIBITS** |

## I. INTRODUCTION AND FACTUAL BACKGROUND

1. Johantony Jesus Deroy Deroy ("Mr. Deroy Deroy") is a Venezuelan national who entered the United States on November 21, 2023 through the Brownsville, Texas Port of Entry. Mr. Deroy Deroy was seeking asylum from Venezuela and applied for admission at the border. The Department of Homeland Security ("DHS") inspected Mr. Deroy Deroy upon his entry, and Respondents subsequently paroled him into the United States. Respondents ordered Mr. Deroy Deroy to appear in immigration court on December 6, 2023, shortly after his arrival, and released him from their custody. He then reported as instructed. (*See* Ex. A. at 2 'Notice to Appear.'; *See* Ex. B at 4, 'I-94')
2. Mr. Deroy Deroy filed a Form I-589, Application for Asylum and for Withholding of Removal, with the Executive Office of Immigration Review ("EOIR"), an arm of the Department of Justice, seeking asylum due to Mr. Deroy Deroy's fear of persecution in Venezuela. (*See* Ex. C at 5-28, 'I-589 Application for Asylum'). DHS is opposing counsel in those removal proceedings and automatically received notice of the application for asylum. Mr. Deroy Deroy has an upcoming master hearing on December 6, 2028. As part of this application, Mr. Deroy Deroy provided his biographical details to Respondents, including his address and contact information.
3. Mr. Deroy Deroy's asylum claim was based on his fear of political reprisal in Venezuela. Mr. Deroy Deroy made the decision to leave Venezuela after he was beaten and threatened for being affiliated with an opposition political party.
4. While waiting for his asylum claim to be adjudicated, Mr. Deroy Deroy obtained authorization to work, and he worked in catering and paid taxes on his income. (Ex. D at 29-31, 'W-2s Verifying Employment'; Ex. E at 32-40, 'Tax Returns).
5. Through Mr. Deroy Deroy's numerous interactions with Respondents and their subsidiary agencies—including his initial detention and parole into the United States permitted by Respondents, and his asylum application and related

filings—Respondents were aware of Mr. Deroy Deroy's location and his ongoing presence in the United States. After his initial detention and then release by Respondents, Respondents did not take any steps to arrest Mr. Deroy Deroy or to remove him from the country until September of 2026.

6. Following his initial detention and then release into the United States, Mr. Deroy Deroy developed a strong protected liberty interest in his freedom. He has worked, paid taxes, and participated as a member of his local community in Texas.

7. In September of 2026, Respondents detained Mr. Deroy Deroy at a military base, a site he had been contracted to work at through his job. Prior to arresting him, Respondents did not provide him with a warrant for his arrest, any notice, a pre-deprivation hearing, or an opportunity to be heard regarding his detention. Respondents did not determine Mr. Deroy Deroy to be a risk of escape prior to his detention.

8. As of the date of the instant filing, Mr. Deroy Deroy remains in immigration detention. (*See* Ex. F at 42, 'ICE Detainee Locator.')

9. To vindicate Mr. Deroy Deroy's statutory, constitutional, and regulatory rights, this Court should grant the instant petition for writ of habeas corpus and order him released from custody forthwith.

## II. JURISDICTION

10. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

11. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

12. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## III. VENUE

13. Venue is proper because Petitioner is detained at the Adelanto ICE Processing Center in Adelanto, CA, which is within the jurisdiction of this District.

14. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, and Petitioner resides in this District. 28 U.S.C. § 1391(e).

## IV. REQUIREMENTS OF 28 U.S.C. § 2243

15. The Court must grant the petition for writ of habeas corpus "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

16. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

17. Petitioner is currently detained at the Adelanto ICE Processing Center. He is in the custody, and under the direct control, of Respondents and their agents.

18. Respondent is the Warden of the Adelanto ICE Processing Center, and she/he has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. The Warden of the California City Corrections Facility is a legal custodian of Petitioner.

19. Respondent Markwayne Mullin is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Mullin is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs

Enforcement, the component agency responsible for Petitioner's detention. Respondent Mullin is a legal custodian of Petitioner.

20. Respondent Todd Blanche is sued in his official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, he has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Blanche is a legal custodian of Petitioner.

## V. LEGAL ARGUMENT

### A. Mr. Deroy Deroy Is Entitled to Immediate Release Because Respondents Detained Him and Deprived Him of His Constitutionally Protected Liberty Interest Without Providing Him Any Process.

21. Constitutional and statutory due process requires that Mr. Deroy Deroy be released from custody forthwith because his sudden detention by Respondents in September of 2026 deprived him of his liberty without notice or an opportunity to be heard. The Fifth Amendment provides that "[n]o person" shall "be deprived of life, liberty, or property, without due process of law," including in removal proceedings. *See Reno v. Flores*, 507 U.S. 292, 306 (1993). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty th[e Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Thus, "adequate procedural protections" are required to ensure detention "outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id.*

22. Mr. Deroy Deroy has a constitutionally protected liberty interest because he was detained by Respondents at the border in 2024 and subsequently released into the United States. *See, e.g.*, *Romero v. Mullin*, No. 5:26-CV-02206-MAR, 2026 WL 1454533, at *2 (C.D. Cal. May 19, 2026) (collecting cases). His liberty interest is especially significant because Respondents deliberately acquiesced to

Petitioner's continued presence at liberty after Petitioner made Respondents aware of his status and location in the United States. *See Kalkan v. Chestnut,* No. 1:26-CV-02028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026).

23. Respondents' re-detention of Mr. Deroy Deroy without a warrant, notice, or pre-deprivation hearing violated his constitutional and statutory due process rights. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continuing release from custody, and that due process requires that Petitioner receive a hearing before an immigration judge before he can be re-detained.").

24. The remedy for this due process violation is immediate release. *See BRAYAN ALEXANDER LOPEZ-RIVAS v. ERNESTO SANTACRUZ, JR., et al.*, No. 5:26-CV-02169-AYP, 2026 WL 1288651, at *9 (C.D. Cal. May 7, 2026); *Emer Rivas Quijada v. Fereti Semaia et al.*, No. 5:26-CV-01540-AB-DSR, 2026 WL 1182196, at *7 (C.D. Cal. Apr. 20, 2026). *See also Andres Alejandro Fontecha Salamanca v. Warden Desert View Facility et al,* 5:26-CV-02427-JGB-DMK, Dkts. 14, 15 (C.D. Cal. June 23, 2026). The *Fontecha Salamanca v. Warden* case, in which outright release was ordered, is almost identical to Mr. Deroy Deroy's situation.

**B. Mr. Deroy Deroy Also Merits Immediate Release Because Respondents Violated His Statutory and Regulatory Rights.**

25. Respondents violated 8 U.S.C. § 1226(a) and its implementing regulations by not having a warrant for Mr. Deroy Deroy's arrest prior to arresting him; by not assessing Mr. Deroy Deroy's risk of escape prior to his arrest; and by not providing him with an immediate custody determination hearing following his arrest.

26. Petitioner is part of the putative class of plaintiffs who filed suit in *Pedro Vasquez Perdomo v. Markwayne Mullin*, No. 2:25-CV-05605-MEMF-SP, Dkt. 738 (C.D. Cal. Sept. 2, 2026). There, a court recently granted a preliminary injunction for the Warrantless Class, i.e., a class of noncitizen plaintiffs who allege that Respondents have been conducting warrantless arrests without consideration of whether the arrestee is likely to escape. *Id*. The court concluded that the arrest of a noncitizen such as Mr. Deroy Deroy requires a warrant "except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. 287.8(c)(2)(ii).

27. Here, there was no pre-existing warrant for Mr. Deroy Deroy's arrest, and no pre-arrest assessment of whether Mr. Deroy Deroy was a risk of escape. Respondents' actions are not surprising. As the *Vasquez Perdomo* court concluded, "deportation officers have been instructed that they may conduct warrantless arrests of individuals without consideration of the individual's likelihood of escape." *Vasquez Perdomo*, Dkt. 738 at 12. The *Vasquez Perdomo* court has labeled this policy the "Government's Escape Risk Policy." *Id*.

28. Respondents further violated statute and regulation because beyond taking Petitioner into custody without a warrant or a risk-of-escape analysis, they also did not provide him with "an immediate custody determination" following his arrest. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164-65 (9th Cir. 2026). *See also Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1116, 1127 (C.D. Cal. 2025). This means that Petitioner was "treated as an individual who was detained subject to § 1225(a)." *See Efrain Juarez Evangelista v. Fereti Semaia, et al.*, Case No. 5:26-CV-04787-BFM, Dkt. 10 at 5 (C.D. Cal. Sept. 8, 2026). *See also Antonio Sanchez Marquez v. Warden, Desert View Facility, et al.*, Case No. 5:26-CV-05368-MBK Dkt. 13 at 9-12 (C.D. Cal. Oct. 1, 2026) (analyzing statutory framework and granting release to an individual who was

arrested without a warrant, without a pre-deprivation risk-of-escape analysis and without an initial custody review).

29. Because Respondents did not assess Petitioner's risk of escape prior to arresting him and then did not provide him with a prompt custody determination at the outset of his detention, Respondents violated Petitioner's statutory and regulatory rights. The appropriate remedy is "to return Petitioner to the previous status quo by releasing him from detention." *Reyes v. Santacruz, Jr.*, No. ED CV 26-3394-E, 2026 WL 2069974, at *2 (C.D. Cal. July 13, 2026). *See also Efrain Juarez Evangelista v. Fereti Semaia, et al.*, Case No. 5:26-CV-04787-BFM, Dkt. 10 at 6-7 (C.D. Cal. Sept. 8, 2026) (collecting cases).

### C. Mr. Deroy Deroy Does Need to Exhaust Administrative Remedies Prior to Filing for Habeas Relief.

30. Mr. Deroy Deroy is not required to exhaust administrative remedies. Exhaustion for habeas claims is prudential, not jurisdictional. *See Liang v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004).

31. As a prudential matter, administrative exhaustion is not required in cases like Petitioner's for at least three reasons. First, "a postdeprivation bond hearing cannot remedy the alleged deprivation of predeprivation process." *Rodriguez Morales v. Warden*, No. 5:26-CV-04203-SB-ADS, 2026 WL 2365058, at *2 (C.D. Cal. Aug. 14, 2026). Second, exhaustion would be futile because Petitioner raises constitutional claims that cannot be adjudicated by the administrative agencies. *De Avila Hernandez v. Warden of Adelanto Ice Processing Ctr.*, No. 5:26-CV-02747-MAR, 2026 WL 1916444, at *3 (C.D. Cal. June 26, 2026). Third, Petitioner, who is being detained in violation of his constitutional rights, would suffer irreparable harm if required to exhaust administrative remedies. *Id.*

## VI. <u>CLAIMS FOR RELIEF</u>

### COUNT ONE – Violation of the Fifth Amendment

32. The allegations in the above paragraphs are realleged and incorporated herein.

The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V.

33. The government was constitutionally and statutorily required to provide Petitioner with notice and an opportunity to be heard prior to re-detaining him because he possessed a protected liberty interest in remaining free following his initial release from Respondents' custody. Because Respondents did not provide any pre-deprivation process to Petitioner, Respondents must release him from custody immediately, to stop the ongoing violation of his rights.

34. Petitioner's ongoing detention violates the Due Process Clause.

**COUNT TWO – Violation of the Immigration and Nationality Act**

35. The allegations in the above paragraphs are realleged and incorporated herein.

36. 8 U.S.C. § 1226(a) requires that prior to the arrest of a noncitizen, Respondents must have a warrant for the arrest of the noncitizen. Alternatively, if Respondents do not have a warrant and still choose to detain a noncitizen, Respondents must assess the noncitizen's risk of escape prior to detaining the noncitizen. If Respondents do not have a warrant and cannot point to pre-deprivation evidence showing that an individual is a risk of escape, then they cannot detain the noncitizen.

37. 8 U.S.C. § 1226(a) also requires that Respondents provide a detained noncitizen with "an immediate custody determination" following arrest.

38. Respondents did not have a warrant for Petitioner's arrest; they did not assess Petitioner's risk of escape prior to arresting him; and they did not provide him with a prompt initial custody determination hearing at the outset of his detention. Therefore, Respondents violated Petitioner's statutory and regulatory rights.

39. Petitioner's ongoing detention violates the Immigration and Nationality Act.

## VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays this Court grant the following relief:

1) Assume jurisdiction over this matter;
2) Declare that Petitioner's ongoing detention violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act;
3) Issue a Writ of Habeas Corpus and order Respondents to immediately release Petitioner from Respondents' custody;
4) Order that Respondents not re-detain Petitioner unless he is first provided with notice, a pre-deprivation hearing, and an opportunity to be heard;
5) Award reasonable costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, or on any other basis justified under law; and
6) Grant such further relief as the Court deems just and proper.

Respectfully submitted,

DATED: October 8, 2026 By /s/ *Ramanujan Nadadur*

Ramanujan Nadadur

Counsel for Petitioner

**Declaration of Ramanujan Nadadur**

1. I am counsel of record for Mr. Deroy Deroy. I am a member of the state bar of California and admitted to practice in the District Court for the Central District of California. I provide this declaration to authenticate the attached exhibits, and to provide further background regarding this case.

2. Attached to this Habeas Petition as Exhibit A is a true and correct copy of the Notice to Appear in Immigration Court issued to Mr. Deroy Deroy.

3. Attached to this Habeas Petition as Exhibit B is a true and correct copy of Mr. Deroy Deroy's I-94 Arrival/Departure record issued by Customs and Border Protection, confirming his parole into the United States.

4. Attached to this Habeas Petition as Exhibit C is a true and correct copy of Mr. Deroy Deroy's I-589 Application for Asylum.

5. Attached to this Habeas Petition as Exhibit D is a true and correct copy of Mr. Deroy Deroy's W-2 Tax Forms.

6. Attached to this Habeas Petition as Exhibit E are true and correct copies of Mr. Deroy Deroy's Federal Tax Returns.

7. Attached to this Habeas Petition as Exhibit F is a true and correct copy of Mr. Deroy Deroy's ICE Detainee Locator. I electronically retrieved it on October 2, 2026 from the U.S. Department of Homeland Security website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 8, 2026 at Los Angeles, California.

/s/ Ramanujan Nadadur
Ramanujan Nadadur