**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHANTONY JESUS DEROY DEROY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER, et al.,<br><br>Respondents. | NO. EDCV 26-5955-AS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

On October 8, 2026, Johantony Jesus Deroy Deroy ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") with the Declaration of Ramanujan Nadadur ("Nadadur Decl.") against: the Warden of the United States Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); and United States Attorney General Todd Blanche (collectively "Respondents"). (Docket

("Dkt.") No. 1). The Petition alleges Petitioner is being detained in violation of due process of law and the Immigration and Nationality Act ("INA"). (Petition, ¶¶ 21-39). Petitioner seeks, among other things, his immediate release from custody. (Petition at 10).

On October 8, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule ("Notice") requiring Respondents to file a Notice of Appearance within three calendar days and an Answer within seven days of the date of the Notice. (Dkt. No. 5). The Notice also provides that Petitioner can file a Reply within three days after Respondents file an Answer and that "[i]f any of these deadlines fall on a weekend, holiday, or day the court is closed, the deadline shall be the next business day on which the court is open." (Id.). Despite the Notice, Respondents have not timely filed a Notice of Appearance or an Answer. (See Dkt. No. 7 ("Declaration of Counsel Regarding Non-Opposition by Respondents")). Therefore, the Petition is unopposed.

The parties have consented to proceed before the undersigned Magistrate Judge in this matter. (See Dkt. Nos. 3, 6).

For the reasons discussed below, the Petition is GRANTED and Petitioner is ordered immediately released from custody.

## II.

## BACKGROUND

Petitioner is a Venezuelan citizen who entered the United States through the Brownsville, Texas Port of Entry on November 21, 2023.

(Petition, ¶ 1). DHS inspected Petitioner and subsequently paroled him into the United States. (Id.). That same day, DHS served Petitioner with a Notice to Appear, charging him with removability under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who is not in possession of a valid unexpired visa and passport, or other required entry or travel documentation, at the time of application for admission. (Nadadur Decl., ¶ 2, Exh. A).

Petitioner subsequently filed an application for asylum and withholding of removal and remains in ongoing immigration proceedings. (Petition, ¶¶ 2-3; Nadadur Decl., ¶ 4 & Exh. C). While pursuing his immigration claims, Petitioner obtained authorization to work in the United States, worked in catering, and paid taxes on his income. (Petition, ¶ 4; Nadadur Decl., ¶¶ 5-6 & Exhs. D-E).

In September 2026, ICE detained Petitioner at a military base where he had been contracted to work through his job. (Petition, ¶¶ 7, 21). Prior to his arrest, ICE did not provide Petitioner with a warrant for his arrest, any notice, a pre-deprivation hearing, or any opportunity to be heard. (Petition, ¶ 7). Petitioner remains detained at the Adelanto ICE Processing Center. (Petition, ¶¶ 8, 13, 17).

## III.

## DISCUSSION

Respondents' non-opposition is effectively a concession that the relief requested in the Petition should be granted. See, e.g., Espinales Martinez v. Mullin, 2026 WL 2608947, *1 (C.D. Cal. 2026)

("Respondents' failure to oppose Petitioner's due process claim is a concession."); Maltez Reyes v. Janecka, 2026 WL 2291234, *2 (C.D. Cal. 2026) ("As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought."); Li v. Warden of Adelanto ICE Processing Ctr., 2026 WL 1999293, *2 (C.D. Cal. 2026) ("Respondents' choice to not oppose Petitioner's due process claims . . . is in effect a concession that the Petition should be granted."); Guadran v. Mullin, 2026 WL 1182198, *1 (C.D. Cal. 2026) ("Respondents' non-opposition itself is a basis to grant the Petition."); Rojas v. Mullin, 2026 WL 1105039, *1 (C.D. Cal. 2026) ("[T]he court construes respondents' failure to address petitioner's due process claim as a concession."); Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) ("By failing to respond to the claims . . . asserted, Respondents have conceded the claims.").

Moreover, the Court has previously found that individuals similarly situated to Petitioner were entitled to immediate release from custody because they were re-detained without due process of law. See, e.g., Andres v. Semaia, 2026 WL 2415508 (C.D. Cal. 2026); Gallosa-Zapata v. Warden, Adelanto ICE Processing Ctr., 2026 WL 2410945 (C.D. Cal. 2026); Rivera Castaño v. Blanche, 2026 WL 1915720 (C.D. Cal. 2026). Given Respondents' lack of opposition to the Petition and for the reasons set forth in Andres, Rivera Castaño, and Gallosa-Zapata, and the relevant cases cited in those opinions, the Petition is granted.

\\

\\

\\

**IV.**

**ORDER**

Accordingly, in light of Respondents' non-opposition, and for the reasons discussed herein, the Petition (Dkt. No. 1) is **GRANTED.** Respondents shall immediately release Petitioner (A# 244-275-551) from immigration custody subject to the conditions of Petitioner's most recent order of supervision, if any, and without the imposition of any new or further restraints, such as reporting requirements, GPS, or electronic monitoring. Respondents are also enjoined from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

Additionally, the Court ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on October 22, 2026, confirming Petitioner has been released from custody. IT IS SO ORDERED.

DATED: October 20, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE